```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA      :      CRIMINAL ACTION
                                   :
      v.                         :
                                   :
MIKELL NESBITT                   :      NO. 09-181-1

<u>MEMORANDUM</u>

Bartle, J.                                              October 16, 2025

       Before the Court is the motion of defendant Mikell Nesbitt to terminate his supervised release pursuant to 18 U.S.C. § 3583(e)(1).

       Defendant pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The court imposed a sentence of 84 months in prison to be followed by three years of supervised release. His sentence was set to run consecutively to a state sentence of 8 to 16 years for gunpoint robberies in October 2008. The Court of Appeals affirmed the judgment.

       Defendant's supervised release began on December 12, 2022 and will expire on December 11, 2025, that is, in less than two months. Up to this point, he has been in full compliance with the requirements of his supervised release except for one infraction, in 2023, involving the use of marijuana for medical purposes. He is classified as a low/moderate risk level

offender and is required to report to his probation officer only every two to three months.

Defendant maintains that if his supervised release is terminated, he will be able to obtain a higher paying job that does not cause him physical pain.  He hopes to secure employment as a bus driver.  He complains that continued supervised release has impeded his efforts to do so.

The Government and his probation officer do not challenge that he has successfully reentered the community, has a job, and has committed no additional criminal offenses. Nonetheless, they oppose his pending motion so as to deter him from committing further crimes.

18 U.S.C. § 3583(e)(1) provides:

> (e) Modification of conditions or revocation. The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

The factors outlined in § 3553(a) which the court must

consider are:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020).

A term of supervised release is almost always a component of any sentence where imprisonment is imposed. See 18 U.S.C. § 3583; U.S. Sentencing Guidelines § 5D1.1.  In contrast to imprisonment, "the primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than to punish them." United States v. Murray, 692 F.3d 273, 280 (3d Cir. 2012)(quoting United States v. Albertson, 645 F.3d 191, 197 (3d Cir. 2011)).  Supervised release is designed to fulfill "rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000).  Accordingly, when considering a modification or termination of supervised release, the court

does not consider the sentencing factors outlined in § 3553(a)(2)(A): "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." See § 3583(e); Esteras v. United States, 145 S. Ct. 2031 (2025).

Our Court of Appeals has made clear that the district court does not need to find "an exceptional, extraordinary, new, or unforeseen circumstance" in order to modify or terminate a person's supervised release. Melvin, 978 F.3d at 53. While the court must consider the factors found in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), it need not make specific findings as to each. Id. at 52-53.

After considering all the factors required under § 3583(e)(1), defendant has established that it is in the interest of justice to terminate his supervised release. He has demonstrated that he needs no further deterrence from committing crimes and that he poses no danger to society. The court will grant his pending motion.